IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MICHAEL S. SHARPE, DENISE M.
SHARPE,

        Plaintiffs,        Civ. No. 11-3020-PA

                                      **Order**

   v.

WELLS FARGO HOME MORTGAGE,

        Defendant.

---

**PANNER, J.**

Defendant moves for summary judgment. The sole question remaining is whether defendant complied with the recording requirements of ORS 86.705(1). For the reasons stated below, I grant defendant's motion for summary judgment [#32].

**BACKGROUND**

On July 23, 2004, plaintiffs signed a promissory note for $194,750.00 in favor of Washington Mutual Bank, the "Lender." The

1 - Order

note stated the Lender may transfer the note and that anyone taking the note by transfer (and who is entitled to receive payments under the note) is the "Note Holder."

That same day, plaintiffs executed a trust deed in favor of Washington Mutual Bank. The trust deed named Washington Mutual as the Lender and Beneficiary of the security instrument. The trust deed stated the note could be sold without prior notice to plaintiffs. (March 14, 2011 French Decl., ex. 2, 13-14, ¶ 20.) The trust deed stated the "Loan Servicer" could change and that the servicing obligations would not be assumed by the note purchaser (unless otherwise provided by the note purchaser). (Id.) Plaintiffs also signed a Servicing Disclosure Statement stating Washington Mutual Bank would service the loan but could transfer the servicing of the loan in the future. (May 6, 2011 Brust Decl., ex. 4.)

On September 16, 2004, Washington Mutual sold the loan to Fannie Mae. (Id. at ¶ 3.) Washington Mutual continued to service the loan. On February 1, 2007, Washington Mutual transferred the servicing of plaintiffs loan to Wells Fargo Home Mortgage. (Id.) Wells Fargo provided plaintiffs written notice of the change in servicing. (Id. at ex. 8.) On February 21, 2007, Washington Mutual assigned the trust deed to Wells Fargo. (Id. at ex. 5.) Wells Fargo recorded the assignment in the Jackson County land records.

2 - Order

In August 2010, plaintiffs defaulted on the loan. On October 28, 2010, Wells Fargo recorded its appointment of Northwest Trustee Services, Inc. as successor trustee. (Id. at ex. 6.) That same day, Northwest recorded a Notice of Default and Election to Sell. (Id. at ex. 7.)

On March 1, 2011, plaintiffs filed a complaint. Plaintiffs raised several theories regarding why defendant's non-judicial foreclosure proceedings were unlawful. I dismissed all of the claims except for plaintiffs' claim that defendant violated the Oregon Trust Deed Act by failing to record all assignments of the trust deed. As noted, defendant moved for summary judgment.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002). If the moving party shows that there

3 - Order

are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## DISCUSSION

As noted, the sole question remaining is whether defendant complied with the recording requirements of ORS 86.705(1). In Oregon, a trustee may conduct a non-judicial foreclosure sale only if:

> The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated . . . .

ORS 86.735(1). There is no doubt that Washington Mutual, the original lender, was the beneficiary of the trust deed. See ORS 86.705(1) ("'Beneficiary' means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given[.]"). As I explained in Hooker v. Northwest Trustee Services, Inc., 2011 WL 2119103, at *3-4 (D. Or. May 25), the Oregon Trust Deed Act requires the recording of any assignments of the beneficial interest in the trust deed. As I noted in Hooker, I agree with Judge Alley that "Oregon law permits foreclosure without the benefit of a judicial proceeding only when the interest of the beneficiary is clearly documented in a public record." Id. at *7 (quoting In re McCoy, 2011 WL 477820, at *4).

4 - Order

I previously noted that "Oregon's recording requirement is consistent with the longstanding rule that the trust deed or mortgage generally follows the note." Id. at *4. (citing Carpenter v. Longan, 83 U.S. 271, 274 (1872); U.S. Nat'l Bank of Portland v. Holton, 99 Or. 419, 427-29, 195 P. 823, 826 (1921)(collecting cases)). As in Hooker, the trust deed at issue states "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Trust Deed, March 14, 2011 French Decl., Ex. 2, 13, ¶ 20 (emphasis added).) Therefore, Washington Mutual's 2004 sale of plaintiffs' loan to Fannie Mae was an assignment of the beneficial interest in the trust deed. The Oregon Trust Deed Act requires that assignment to be reflected in the county land records prior to the initiation of a non-judicial foreclosure. ORS 86.735(1). Because under Oregon law, a servicer can proceed in its own name on behalf of the note holder, Wells Fargo's appearance in the county land records, which defendant recorded prior to initiating non-judicial foreclosure proceedings, satisfies ORS 86.735(1).

As noted, the only assignment recorded is Washington Mutual's 2007 assignment of the trust deed to Wells Fargo. Just prior to the assignment, Washington Mutual transferred servicing rights to plaintiffs' loan to Wells Fargo. ORS 86A.175(1) states that a servicer - with the permission of the note holder - may

5 - Order

perform certain actions either in its own name or in the name of the note holder. Among the actions a servicer may perform in its own name are:

> (A) Holding documents or written instruments and receiving and disbursing payments according to the instructions of the parties to the documents or written instruments;
>
> (B) Collecting or remitting, or having the right or obligation to collect or remit, for a lender, note owner, note holder or other holder of an interest in a note or for a [servicer's] own account, payments, interest, principal, and trust items, including but not limited to hazard insurance and taxes, on a mortgage banking loan or mortgage loan in accordance with the terms of the loan, and includes loan payment follow-up, loan analysis and notifications to the borrower that are necessary to enable the borrower to keep the loan current and in good standing; and
>
> (C) Bringing and maintaining a suit or action to collect amounts owed on a mortgage banking loan or mortgage loan, including but not limited to exercising contractual, statutory or common law remedies such as injunction, specific performance, judicial or nonjudicial foreclosure or receivership.

ORS 86A.175(3).

As noted, the trust deed stated that if the note was sold, the servicing rights would not follow the note (unless otherwise provided by the note purchaser). (March 14, 2011 French Decl., ex. 2, 13-14, ¶ 20.) Additionally, the servicing agreement signed by plaintiffs stated Washington Mutual could transfer the servicing rights to plaintiffs' loan. (May 6, 2011 Brust Decl., ex. 4.) Fannie Mae authorizes its servicers to "appear in the land records as the mortgagee." (May 16, 2011 Evans Decl., ex. 1,

6 - Order

2; Fannie Mae Mortgage Selling and Servicing Contract, § 202.) The servicing contract allows the servicer to execute assignments of the trust deed. (Id. at 4; § 202.05.) Finally, "the Fannie Mae Servicing Guide grants servicers, acting in their own names, the authority to represent Fannie Mae's interests in foreclosure proceedings as holder of the mortgage note." (Id. at ex. 3, 1.)

The provisions of ORS 86A.175(3), together with Fannie Mae's servicing contract and guidelines, demonstrate that Wells Fargo did not violate the recording requirements of ORS 86.705(1). ORS 86A.175(3)(C) allows a servicer to initiate non-judicial foreclosure proceedings in its own name. ORS 86A.175(3)(A) allows a servicer to hold the note in its own name (on behalf of the note holder). ORS 86A.175(3)(B) allows a servicer to collect payments on the note in its own name. I agree with defendant that it necessarily follows that ORS 86A.175(3) allows a lender to sell a loan and then record an assignment of the trust deed to the subsequent servicer, provided ORS 86A.175(3) and the note holder allow the subsequent servicer to proceed in its own name. To require Washington Mutual to record the assignment in Fannie Mae's own name would render ORS 86A.175 meaningless.

Although I am troubled with a situation, apparently present here, where the note holder's interest is never revealed to the borrower prior to a non-judicial foreclosure, the Oregon legislature has clearly spoken on this issue. In certain

7 - Order

situations, including those present here, the legislature allows a servicer to proceed in its own name on behalf of the note holder. I do not determine the wisdom of the statue, but only whether defendant violated the statute.

I note that on at least two occasions, Wells Fargo sent plaintiffs letters denying plaintiffs' requests for loan modifications. (Plaintiff's Response, #46, ex. 2,3.) Neither letter identified Fannie Mae. Both letters simply stated plaintiffs failed to meet the "investor" guidelines. (Id. at ex. 3 ("Your loan modification required approval from the investor that ultimately owns your mortgage. You have not been approved for a mortgage loan modification because the investor on your mortgage has declined the request.").) As noted, the final decision on whether to allow borrowers on the verge of non-judicial foreclosure the opportunity to request a modification directly from the owner of the loan rests with the Oregon legislature.

Here, the only sale of the loan was from Washington Mutual to Fannie Mae. Because the ORS 86A.175(3) allows Wells Fargo, as Fannie Mae's servicer, to perform all of the challenged actions in its own name, the recorded assignment from Washington Mutual to Wells Fargo did not violate the Oregon Trust Deed Act's recording requirements.

8  - Order

## CONCLUSION

Defendant's motion for summary judgment [#32] is GRANTED.

IT IS SO ORDERED.

DATED this __16__ day of November, 2011.

                              *Owen M Panner*

                              OWEN M. PANNER
                              U.S. DISTRICT JUDGE

9 - ORDER